UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO BLANCO,<br><br>          Petitioner<br><br>      v.<br><br>SCOTT KERNAN,<br><br>          Respondent. | Case No. CV 17-1448-MWF (GJS)<br><br>**AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Amended Report and Recommendation is submitted to United States District Judge Michael W. Fitzgerald pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California.  For the reasons that follow, the Court recommends that the District Judge deny Petitioner's request for a stay and deem the Petition amended to delete the exhausted claims alleged therein.

## BACKGROUND

This 28 U.S.C. § 2254 habeas action commenced on February 22, 2017, when Petitioner filed his habeas petition and related memorandum [Dkt. 1-2, "Petition"]. The Petition alleges four grounds and Petitioner states, under oath, that he raised

1    each of them in the petition for review he filed with the California Supreme Court in

2    his direct appeal.  The Petition does not identify any state habeas proceedings, and

3    the Court's review of the online dockets available for the California Court of Appeal

4    and the California Supreme Court do not show any such proceedings filed by

5    Petitioner.

6        On May 8, 2017, Respondent filed a Motion to Dismiss Petition [Dkt. 8,

7    "Motion"] and lodged the relevant portions of the state record [Dkt. 9, "Lodg."].  In

8    the Motion, Respondent argues that the Petition is "mixed" – *i.e.,* contains both

9    exhausted and unexhausted claims – because only Subclaim Two of Ground Three

10   is exhausted.[1]

11       On May 11, 2017, after reviewing the record carefully, the Court issued its Order

12   Re: Mixed Petition And Directing Response [Dkt. 10, "May 11 Order"].  The May

13   11 Order advised Petitioner of the Court's conclusion that the Petition is "mixed,"

14   because only a single subclaim – Subclaim Two of Ground Three – actually was

15   properly exhausted in the California Supreme Court.  The May 11 Order explained

16   the bases for the Court's conclusion and advised Petitioner of his four options in

17   light of the "mixed" nature of the Petition.  The May 11 Order directed Petitioner to

18   take certain actions by no later than June 10, 2017.  First, if Petitioner elected

19   Option One described in the May 11 Order, he was to dismiss this action without

20   prejudice by that date.  Second, and otherwise, Petitioner was to file a Response by

21   

22   [1]      Federal courts may not grant habeas relief to a person held in state custody
unless the petitioner has exhausted his available state court remedies as to each of
23   the issues presented.  28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518
(1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005).  To satisfy the
24   exhaustion requirement, a state prisoner must "fairly present" his federal claim to
the state courts, that is, give them a fair opportunity to consider and correct
25   violations of the prisoner's federal rights.  *See Duncan v. Henry*, 513 U.S. 364, 365
(1995);  *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*).  A
26   state prisoner seeking relief with respect to a California conviction is required to
"fairly present" his federal claims to the California Supreme Court.  *See Baldwin v.*
27   *Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a
state supreme court having the power of discretionary review).
28

2

1     that date that:  one, advised the Court either that Petitioner concedes the Petition is

2     "mixed" or contends the Petition is fully exhausted; and two, advised the Court

3     which of his three remaining Options Petitioner elects if the Petition ultimately is

4     determined to be "mixed."

5         On June 12, 2017, Petitioner filed a request for an extension of time to respond to

6     the May 11 Order.  On June 15, 2017, the Court granted Petitioner's request and

7     extended his deadline to July 11, 2017.  The extended deadline came and went, yet

8     Petitioner took no action in response to the May 11 Order, even though the May 11

9     Order expressly cautioned him that:  "If Petitioner does not take timely action in

10    response to this Order, Petitioner will be deemed to have conceded that the Petition

11    is mixed and should be dismissed without prejudice on that basis."  [May 11 Order

12    at 10.]

13        Accordingly, on July 21, 2017, the Court issued a Report and Recommendation,

14    in which, due to Petitioner's inaction, it presumed he conceded the "mixed" nature

15    of the Petition and recommended that this action be dismissed without prejudice.

16        Five days later, on July 26, 2017, a third party (Philong Huynh) filed a Response

17    to the May 11 Order [Dkt. 16, "Response"].  The Response is not signed by

18    Petitioner and was not served on counsel for Respondent and, thus, violates Rules 5

19    and 11(a) of the Federal Rules of Civil Procedure.  There is no indication that

20    Petitioner is aware of the substance of the Response or that he has authorized Mr.

21    Huynh to act on his behalf.[2]  Nonetheless, out of an abundance of caution, the Court

22    has considered the substance of the Response and issues this Amended Report and

23    Recommendation as a result.

24

---

25    [2]     Mr. Huynh labels himself a "next friend," but the Court has not granted him
26    such status, nor has Petitioner requested that Mr. Huynh be allowed to act in a "next
      friend" capacity on his behalf.  Moreover, there is no evidence that would support
27    appointing anyone as a "next friend" in this case.  At most, the record indicates that
      Petitioner may be housed in the Administrative Segregation unit at the moment – a
28    circumstance that is inadequate to warrant appointing a "next friend" on his behalf.

**I.     The Petition Is "Mixed."**

The Court has reviewed the record carefully.  As Petitioner did not pursue state habeas proceedings, his petition for review filed in the California Supreme Court [Lodg. 7, "PR"] is the only means by which he can have exhausted his present federal habeas claims.

**A.     Ground One**

Ground One of the Petition alleges that Petitioner was deprived of due process, because a photo spread was used that was impermissibly suggestive and thereby tainted three witnesses' identifications of Petitioner.  As alleged in the Petition [at 7], this claim was raised as the first argument in the PR [at 7-9].  Respondent concedes that Petitioner raised Ground One in the PR but argues that the claim nonetheless is unexhausted, because Petitioner failed to raise it in his California Court of Appeal direct appeal proceedings.[3]  Respondent asserts that, under the federal exhaustion doctrine, because Ground One was raised in the state high court in a procedurally defective manner, it was not fairly presented and, thus, is unexhausted.

"[A] petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts."  *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004).  A claim is not fairly presented if it is raised "in a procedural context in which its merits will not be considered."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  "Raising the claim in such a fashion does not . . . constitute 'fair presentation.'"  *Castille*, 489 U.S. at 351.  In *Castille*, the Supreme

---

[3]     Although Petitioner alleges that he raised Ground One in the California Court of Appeal in an "OPENING BRIEF PURSUANT TO PEOPLE V. WENDE (1979) 25 CAL. 3D 436" (Petition at 7), he did not.  A review of the *Wende* brief filed by appellate counsel as well as Petitioner's related supplemental brief [Lodg. 2-3] shows that neither filing raised the substance of Ground One.

1  Court unanimously found a claim to be unexhausted for lack of fair presentation

2  when the state prisoner raised only state law claims in his intermediate appellate

3  court filings and raised his federal claim for the first time on discretionary review

4  before the state high court. *Id.*; *see also Casey*, 386 F.3d at 916-18 (applying

5  *Castille* and holding that when state prisoner "raised his federal constitutional

6  claims for the first and only time to the state's highest court on discretionary review,

7  he did not fairly present them," and they were unexhausted).

8      Petitioner did not raise his Ground One claim in the California Court of Appeal,

9  and he raised it "for the first and only time" when he sought discretionary review by

10  the California Supreme Court. Under California law, "on a petition for review the

11  [California] Supreme Court normally will not consider an issue that the petitioner

12  failed to timely raise in the California Court of Appeal." Rule 8.500(c)(1), Cal. R.

13  Ct. The exceptions to this rule are when: the California Supreme Court has granted

14  review (Rule 8.516(b)(1), Cal. R. Ct.); or the newly-raised claim involves either a

15  pure question of law not turning upon disputed issues of fact or a matter of

16  particular public importance (*People v. Randle*, 35 Cal. 4th 987, 1001-02 (2005)).

17  These predicates did not exist in Petitioner's case: the California Supreme Court

18  summarily denied review; and Petitioner's suggestive photo spread claim does not

19  satisfy the *Randle* conditions. Thus, by first presenting his suggestive line-up claim

20  in a petition seeking discretionary review by the state high court, Petitioner raised

21  the claim in an improper procedural posture and did not fairly present it for

22  exhaustion purposes. *Castille*, 489 U.S. at 351; *Casey*, 386 F.3d at 918; *see also*

23  *Castle v. Schriro*, 414 Fed. Appx. 924, 926-27 & n.3 (9th Cir. Nov. 1, 2010)

24  (finding that *Castille* governed, and a Double Jeopardy claim was not fairly

25  presented, and was unexhausted, when the petitioner did not include the Double

26  Jeopardy claim in his initial appellate filing, but only included it later when he

27  sought discretionary review, which was summarily denied).

28      In sum, Ground One is unexhausted.

**B. Ground Two**

Ground Two alleges that insufficient evidence supports Petitioner's conviction because, if the tainted witness identification testimony at issue in connection with Ground One is removed, there is no evidence to tie Petitioner to the charged crimes. Petitioner alleges that he raised this claim in the California Court of Appeal in his *Wende* brief and as the first claim alleged in the PR. [Petition at 8.]

As with Ground One, Petitioner did not allege Ground Two in his California Court of Appeal direct appeal proceedings; Ground Two was not alleged in either appellate counsel's *Wende* brief or in Petitioner's supplemental brief. [*See* Lodg. 2-3.] Also as with Ground One, Ground Two does not satisfy the *Randle* conditions. Accordingly, Ground Two could not have been fairly presented to the California Supreme Court for the same reason that Ground One was not, *i.e.,* because of Petitioner's failure to raise it on the state appellate court below. For this reason alone, Ground Two is unexhausted.

In any event, and dispositively, Petitioner's contention that he raised Ground Two as part of his first claim alleged in the PR is not true. There is no insufficiency of the evidence claim raised anywhere in the PR. [*See* Lodg. 9, *passim.*]

Ground Two, therefore, plainly is unexhausted.

**C. Ground Three (Subclaim One)**

Subclaim One of Ground Three raises a prosecutorial misconduct claim based on the theory that the prosecutor presented false and perjured testimony by the three witnesses who identified Petitioner as a result of the suggestive photo spread. Petitioner alleges that he raised this claim in the California Court of Appeal in his *Wende* brief and as the fifth claim in the PR. [Petition at 9-10; Memorandum at 20-28.]

Subclaim One of Ground Three is unexhausted for two reasons. First, as with Grounds One and Two, the subclaim was not alleged in Petitioner's direct appeal

filings,[4] does not satisfy the *Randle* conditions, and, thus, would have been presented to the state high court in a procedurally improper manner (had it been presented). Second, and dispositively, the subclaim was not presented at all in the PR. There is no fifth claim in the PR as Petitioner asserts: the PR raised three claims and, as a fourth, asked the California Supreme Court to independently examine the record. The substance of Subclaim One of Ground Three is not raised in any of the three arguments set forth in the PR.

Accordingly, Subclaim One of Ground Three also plainly is unexhausted.

### D. Ground Four

In Ground Four, Petitioner argues that the trial judge's bias deprived Petitioner of his rights of confrontation and to a fair trial. More particularly, Petitioner complains that the trial judge's rulings regarding the prosecution's failure to provide witness Trujillo's contact information and refusing to admit two items of evidence, as well as the trial judge's refusal to sanction the prosecutor, were the result of judicial bias. Petitioner alleges that he raised this claim in the California Court of Appeal in his appellate counsel's *Wende* brief and as the third and fourth arguments in the PR. [Petition at 10-11; Memorandum at 32-33.]

Petitioner did not raise any sort of judicial misconduct or bias claim in his *Wende* brief or supplemental brief filed in the California Court of Appeal. Thus, any attempt to raise the claim for the first time in the PR was procedurally improper and did not constitute fair presentation, as discussed in connection with Ground One. Moreover, the only arguable attempt to raise a claim remotely similar to that contained in Ground Four in the PR consisted of: a bald reference to "judicial misconduct" within the argument heading for a prosecutorial misconduct claim

---

[4] Subclaim Two of Ground Three arguably was fairly presented in Petitioner's supplemental brief in the California Court of Appeal and in the PR. Thus, given Respondent's failure to argue that this subclaim is unexhausted, the Court will deem it exhausted.

1   related to Subclaim Two of Ground Three; and a single sentence included within the

2   discussion of that prosecutorial misconduct claim, *to wit*, "the trial courts [*sic*]

3   denial of this motion [seeking contact information for prosecution witnesses], and

4   other motions filed, was judicial misconduct."  [PR at 9-10.]

5       This solitary reference to the denial of "motions" as constituting "judicial

6   misconduct" – without any explanation of why, or identification of the "motions"

7   other than one – did not fairly present the claim of judicial bias now alleged in the

8   Petition.  This single sentence is patently inadequate to satisfy the requirement that a

9   petitioner provide the state high court with the operative facts needed to resolve a

10  federal constitutional claim.  *See Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir.

11  2008).  Moreover, the single vague references to "due process" and "fair trial" made

12  by Petitioner in the heading on the prior page of the PR are insufficient to constitute

13  the fair presentation of a judicial bias claim.  "[G]eneral appeals to broad

14  constitutional principles, such as due process, equal protection, and the right to a fair

15  trial, are insufficient to establish exhaustion."  *Hiivala v. Wood*, 195 F.3d 1098,

16  1106 (9th Cir. 1999); *see also Gray v. Netherland*, 518 U.S. 152, 163 (1996) ("We

17  have also indicated that it is not enough to make a general appeal to a constitutional

18  guarantee as broad as due process to present the 'substance' of such a claim to a

19  state court."); *Fields*, 401 F.3d at 1021 ("Nor is a federal claim exhausted by a

20  petitioner's mention, in passing, of a broad constitutional concept such as due

21  process."); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (same); *Casey*,

22  386 F.3d at 913 (a "bare reference to 'depriv[ation] of a fair trial'" bolstered only by

23  citation to state law cases was held to be insufficient to fairly present a federal

24  constitutional claim); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000)

25  (holding that the petitioner's "naked reference to 'due process'" in a state petition

26  was insufficient to raise a federal claim in the state court).  The scope of rights

27  protected by the Due Process Clause are broad and varied; Petitioner's unexplicated

28  reference to "due process" and "fair trial" did nothing to provide notice to the

8

1  California Supreme Court of any particular federal legal theory he sought to raise,

2  much less that he was accusing the trial judge of bias.

3     For all of the foregoing reasons, Ground Four simply was not fairly presented to

4  the California Supreme Court and is unexhausted.

5            **E.    The Petition Is "Mixed"**

6     For the reasons outlined above, Ground One, Ground Two, Subclaim One of

7  Ground Three, and Ground Four of the Petition are unexhausted (collectively, the

8  "Unexhausted Claims"). The sole exhausted claim is Subclaim Two of Ground

9  Three. As the Petition consists for the most part of unexhausted claims, it is

10  "mixed."

11

12  **II.    Dismissal Of The Unexhausted Claims Is Appropriate Given The**

13  **Petition's "Mixed" Nature.**

14     When a petition is "mixed," the petitioner has four options. First, he may

15  voluntarily dismiss the petition without prejudice so that he may takes steps to

16  exhaust the unexhausted claim(s), and when done, then file a new fully-exhausted

17  petition. Second, the petitioner may dismiss the unexhausted claim(s) and proceed

18  with the remaining exhausted claim(s). Third, the petitioner may request a *Rhines*

19  stay of the petition while he returns to state court to present unexhausted claims.

20  *See Rhines v. Weber*, 544 U.S. 269, 275-55 (2005). Fourth, he may request a *Kelly*

21  stay of the petition while he returns to state court to exhaust the unexhausted claims.

22  *See King v. Ryan*, 564 F.3d 1133, 1143 (9th Cir. 2009) (discussing *Kelly* stay

23  procedure).

24     In the Response, Mr. Huynh asks the Court to order a *Rhines* stay but, if such a

25  stay is not granted, that Petitioner be allowed to exercise Option Two, *i.e.,* to

26  dismiss the Unexhausted Claims and proceed on his sole exhausted claim (Subclaim

27  Two of Ground Three). The Court concludes that a *Rhines* stay would be

28  inappropriate in this case, for the following reasons.

9

1    In *Rhines*, the Supreme Court addressed "whether a federal district court has

2    discretion to stay [a] mixed petition to allow the petitioner to present his

3    unexhausted claims to the state court in the first instance, and then to return to

4    federal court for review of his perfected petition ." 544 U.S. at 271-72. To obtain a

5    *Rhines* stay, a petitioner must establish, among other things, that good cause exists

6    for his failure to exhaust the claim for which a stay is sought and that the claims are

7    potentially meritorious. *Id.* at 277-78.

8        The Supreme Court has cautioned that a *Rhines* stay should be afforded "only in

9    limited circumstances." *Rhines*, 544 U.S. at 277. A *Rhines* stay may not be granted

10   unless a petitioner shows "good cause" for his "failure to exhaust his claims first in

11   state court." *Id.* In addition, it would be an abuse of discretion to issue a *Rhines*

12   stay if the unexhausted claims are plainly meritless and/or the petitioner has engaged

13   in abusive litigation tactics or intentional delay. *Id.* at 277-78. There is no

14   definitive interpretation of the "good cause" requirement, other than indications that

15   its boundaries seem to be that, on the one hand, the petitioner must not have

16   engaged in purposeful dilatory tactics, *see id.*, and on the other, "extraordinary

17   circumstances" need not be demonstrated, *Jackson v. Roe*, 425 F.3d 654, 661–62

18   (9th Cir. 2005). "But as the *Jackson* court recognized, we must interpret whether a

19   petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's

20   instruction in *Rhines* that the district court should only stay mixed petitions in

21   'limited circumstances.' We also must be mindful that AEDPA aims to encourage

22   the finality of sentences and to encourage petitioners to exhaust their claims in state

23   court before filing in federal court." *Wooten v. Kirkland*, 540 F.3d 1019, 1023–24

24   (9th Cir. 2008) (internal citations omitted); *see also Blake v. Baker*, 745 F.3d 977,

25   982 (9th Cir. 2014) (the *Rhines* good cause requirement "ensures that a stay and

26   abeyance is available only to those petitioners who have a legitimate reason for

27   failing to exhaust a claim in state court [and a]s such, good cause turns on whether

28   the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to

10

1   justify that failure"). "An assertion of good cause without evidentiary support will

2   not typically amount to a reasonable excuse justifying a petitioner's failure to

3   exhaust." *Id.* Similarly, "unspecific, unsupported excuses for failing to exhaust –

4   such as unjustified ignorance – [do] not satisfy the good cause requirement." *Id.* at

5   981.

6       The Court concludes that the good cause requirement for a *Rhines* stay in this

7   case is not satisfied, because there is no evidence before the Court that could satisfy

8   it. To the contrary, the only competent evidence before the Court supports a finding

9   of no good cause.[5]

10      The PR that Petitioner filed in the California Supreme Court appends copies of

11  seven letters Petitioner sent to his appellate counsel during the period January 4,

12  2014, through February 25, 2015, detailing claims that Petitioner wanted counsel to

13  raise. [Lodg. 7, ECF 9-7, pp. 18-42.] These lengthy, detailed letters demonstrate

14  that, as of early 2014, Petitioner knew of the substance of his Unexhausted Claims.

15  The PR also contains a copy of the pro se Supplemental Brief that Petitioner filed in

16  September 2015, in his direct appeal then pending in the California Court of Appeal.

17  (*Id.*, pp. 43-46; *see also* Lodg. 3.] Given that Petitioner plainly knew of the four

18  Unexhausted Claims at the start of and during the pendency of his direct appeal and

19  knew that appellate counsel had not included them in the *Wende* brief filed, and

20  moreover, given that Petitioner easily could have included them in his Supplemental

21  Brief, it is inexplicable that he did not do so, and then omitted three of the four

22  claims from his subsequent PR.

23

24  ---
    [5]   Mr. Huynh makes various assertions regarding Petitioner's alleged mental
25  health status now and in the past, and also asserts that Petitioner has acted diligently
    at all times since he was convicted. Apart from the fact that Mr. Huynh's assertions
26  are not made under penalty of perjury and thus have no evidentiary value, there is no
    basis for concluding that Mr. Huynh – another prisoner – is competent to render an
27  expert psychological opinion regarding Petitioner's historical and present mental
    status, nor is Mr. Huynh competent to attest to past events at which he does not
28  appear to have been present.

11

1    Moreover, once the PR was denied on early March 2016, Petitioner made no

2    effort to exhaust the three Unexhausted Claims that he had failed to raise at all in the

3    PR.  Instead, he delayed for over 11 months and then submitted a habeas petition to

4    this Court that was unexhausted almost in full.

5    Under these circumstances, the Court cannot find the required good cause for

6    issuing a *Rhines* stay.  There simply is no legitimate reason of record for Petitioner's

7    failure to exhaust his long-known claims before proceeding to federal court.

8    Accordingly, the Court recommends that a *Rhines* stay be denied.

9    The question then is what to do with this action, given Petitioner's failure to

10   properly respond to the May 11 Order.  There is no exercise of any of his options by

11   *Petitioner himself* before the Court, even though he has been warned of the

12   consequences of failing to exercise one of his options, namely, that an election of

13   Option One would be presumed and dismissal of the case without prejudice would

14   ensue.  In the Response filed by Mr. Huynh, he suggest that, should a *Rhines* stay be

15   denied, Petitioner should be allowed to exercise Option Two, *i.e.,* to dismiss the

16   Unexhausted Claims without prejudice and proceed on the sole exhausted claim,

17   Subclaim Two of Ground Three.

18   The Court believes that the most prudent course of action would be to deem

19   Petitioner to have exercised Option Two and to dismiss the Unexhausted Claims

20   without prejudice and allow Petitioner to proceed based on Subclaim Two of

21   Ground Three.  Should Petitioner disagree and wish, instead, to exercise Option One

22   and dismiss this case in full, without prejudice, he may so notify the Court and his

23   request will be granted.

24   Accordingly, given the "mixed" nature of the Petition, the Court recommends

25   that the Motion be GRANTED, that the Unexhausted Claims be dismissed without

26   prejudice for failure to exhaust available state remedies, and that the Petition be

27   deemed amended to consist solely of Subclaim Two of Ground Three.

28

12

**RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that the District Judge issue an Order:  (1) accepting this Report and Recommendation; (2) granting the Motion; (3) directing that the Unexhausted Claims of the Petition – Ground One, Ground Two, Subclaim One of Ground Three, and Ground Four – be dismissed without prejudice for failure to exhaust available state remedies; (4) deeming the Petition amended to consist solely of Subclaim Two of Ground Three; and (5) directing Respondent to Answer the Petition as so amended and lodge any remaining pertinent portions of the state record within 60 days of such Order.

DATED: July 31, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the United States Court of Appeals for the Ninth Circuit, but may be subject to the right of any party to file objections as provided in the Local Civil Rules for the United States District Court for the Central District of California and review by the United States District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until the District Court enters judgment.